**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE LUIZ COSTA SOARES, | No. 21-70754 |
| Petitioner, | Agency No. A208-805-903 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 6, 2023
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Andre Luiz Costa Soares, a native and citizen of Brazil, petitions for review

of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an

Immigration Judge's ("IJ") decision denying his motion to terminate proceedings

and his application for protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We dismiss in part and deny in part the petition for review.

Petitioner did not raise his claim that the IJ erred in not subpoenaing his alleged U.S. citizen father before the BIA. Because he failed to exhaust the issue, this court lacks jurisdiction to consider the claim. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021) (stating that a failure to exhaust, absent an exception, deprives this court of jurisdiction to consider the issue).

Substantial evidence supports the agency's denial of CAT protection because Costa Soares failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Brazil. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Petitioner points to reports discussing violence in Brazilian prisons, but generalized evidence of violence in a country is insufficient to prove that a specific individual faces a likelihood of likelihood of torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (submitted country reports were insufficient to establish eligibility for CAT relief because they did not indicate any particularized risk of torture).

Petitioner's reliance on this court's decision in *Guerra v. Barr*, 974 F.3d 909 (9th Cir. 2020) is misplaced. There, the IJ found that petitioner was more likely than not in danger of torture because substantial evidence in the record established the "widespread abuse of individuals with mental illnesses in Mexican jails and

21-70754

mental health facilities" and the "documented conditions in Mexico regarding the discrimination against people with disabilities and treatment of those in criminal custody and psychiatric institutions that qualifies as torture." *Id*. at 911. Here the IJ made no such finding. Under our deferential standard of review, Petitioner cannot "show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (quotation omitted). Accordingly, the BIA did not err in dismissing his appeal.

**PETITION DISMISSED IN PART AND DENIED IN PART.**